OPINION
Appellant herein was charged with driving under the influence in violation of R.C. 4511.19(A)(3). Appellee filed a motion to suppress the breath test result. A hearing was held on January 13, 1998. Dr. Craig Anthony Sutheimer testified he personally visited the site of the manufacturer of the batch solution known as 97010. He opined the manufacturer's testing procedure, although scientifically accurate, was insufficient from a theoretical point of view to set a true target. T. at 22. The trial court found the proper vehicle to test the calibration solution certificate supporting a particular batch was a Motion in Limine or a motion pursuant to Evid.R. 403(A). The trial court denied the motion in limine/suppress finding appellant failed to establish any legal or factual basis which would make either the test result . . . or the certificate "inadmissable" and the admission of the evidence would not be unfairly prejudicial under Evid.R. 403(A).
Subsequently, appellant entered a no contest plea to the charge. The trial court found appellant guilty and sentenced him accordingly.
Appellant filed a notice of appeal and assigns as error:
 I THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IF FOUND THE DEFENDANT'S MOTION TO SUPPRESS THE BLOOD ALCOHOL RESULTS TO BE A PRELIMINARY EVIDENTIARY MOTION AND RULED AS IF SAID MOTION WAS A MOTION IN LIMINE RATHER THAN A MOTION TO SUPPRESS.
 II THE TRIAL COURT ERRED IN NOT SUPPRESSING THE BLOOD ALCOHOL TEST RESULTS BECAUSE THE OHIO DEPARTMENT OF HEALTH WITNESS TESTIFIED TO MATTERS THAT ARE HERESAY (SIC) AND DO NOT QUALIFY UNDER ANY RECOGNIZED EXCEPTION TO THE HERESAY (SIC) RULE.
 I
The trial court discussed with both counsel whether the motion was liminal or one of suppression. Defense counsel stated, "It could be a motion in limine, Judge. That's possible," and informed the court, he (defense counsel) ". . . had assumed it was our burden." (1-13-98 Hearing Transcript, p. 5-6). Appellant never objected to the manner the hearing was to proceed and, as demonstrated supra, acquiesced in the manner it did proceed.
Accordingly, we overrule this assignment of error on the basis of waiver and/or the invited error doctrine.
 II
Appellant claims the trial court erred in rejecting his motion. We disagree.
Dr. Sutheimer's concerns were with the establishment of "target values" by the laboratory in question. After his review of the laboratory testing techniques, a protocol was established for the manufacturer. Despite Dr. Sutheimer's ruminations about proper target selling, the batch sub judice, when tested by the Department of Health met all of the new standards. He opined there was nothing wrong with batch number 97010. T. at 30.
In State v. David B. Sebach (September 25, 1998), Knox App. No. 97CA24, unreported, and State v. Saundra M. Miracle (September 25, 1998), Knox App. No. 97CA25, unreported, this Court upheld the results of the datamaster tests, stating as follows:
 The Department of Health qualifies a batch of calibration solutions by using its own procedures and affirms that the testing samples fall within the manufacturer's target concentration value. Once the Department of Health makes that quality assurance determination, it is not necessary to know the manufacturer's procedures. Further, the Department of Health's five percent deviation standard is not per se unreasonable or unconscionable.
In light of our decisions in Sebach and Miracle, we find the trial court did not err in not suppressing the breath test result.
Appellant claims Dr. Sutheimer's testimony was based upon hearsay. Appellant presented the witness and initiated the testimony he now characterizes as hearsay. There was no objection to his testimony. We find appellant has waived any error with respect to the admission of Dr. Sutheimer's testimony. Accordingly, we overrule appellant's second assignment of error.
The judgment of the Coshocton Municipal Court of Coshocton County, Ohio is hereby affirmed.
By: Hoffman, J., Gwin, J. concur.
Farmer, P.J. concurs in part; dissents in part.
 Concurring in part and dissenting in part